1
2
3
4
5                          UNITED STATES DISTRICT COURT
6                          NORTHERN DISTRICT OF CALIFORNIA
7
8    CHANDRA ALVIN SHANKAR,                          No. C-13-1017 EMC (pr)
9             Plaintiff,
10       v.                                          **ORDER OF DISMISSAL WITH LEAVE
                                                     TO AMEND**
11   R. GROUNDS, Warden; *et al.*,
12            Defendants.
     _____/
13
14

15                          I.    **INTRODUCTION**

16       Chandra Alvin Shankar, an inmate currently at the California Substance Abuse Treatment

17   Facility in Corcoran, California, filed this *pro se* civil rights action under 42 U.S.C. § 1983.  His

18   complaint is now before the Court for review under 28 U.S.C. § 1915A.

19                          II.   **BACKGROUND**

20       In his complaint, Mr. Shankar alleges that his constitutional rights were violated in

21   connection with prison disciplinary proceedings.  On May 20, 2012, prison officials issued a CDC-

22   115 rule violation report charging Mr. Shankar with possession of a controlled substance for

23   distribution after allegedly finding marijuana on him.  A disciplinary hearing was held on June 26,

24   2012, at which he was found guilty.  He does not identify what discipline was imposed against him

25   following the finding that he was guilty.  Mr. Shankar contends that his due process rights were

26   violated when (a) he was denied his right to call a witness (*i.e.*, correctional officer Dotson) without

27   any explanation for the denial; (b) prison officials failed to appoint an effective investigative

28   employee; and (c) prison officials denied him a staff assistant.  The prayer for relief requests, among

1  other things, that the Court set aside the finding of guilt, order a new hearing, and award monetary

2  damages.

3  **III.   DISCUSSION**

4  A federal court must engage in a preliminary screening of any case in which a prisoner seeks

5  redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

6  § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

7  which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

8  monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).  *Pro*

9  *se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

10  (9th Cir. 1990).

11  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right

12  secured by the Constitution or laws of the United States was violated and (2) that the violation was

13  committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48

14  (1988).

15  The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects

16  individuals against governmental deprivations of life, liberty or property without due process of law.

17  Changes in conditions of confinement for a prison inmate may amount to a deprivation of a

18  constitutionally protected liberty interest, provided that the liberty interest in question is one of "real

19  substance."  *Sandin v. Conner*, 515 U.S. 472, 477-87 (1995).  An interest of "real substance" will

20  generally be limited to freedom from (1) restraint that imposes "atypical and significant hardship on

21  the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will

22  inevitably affect the duration of [a] sentence," *id.* at 487.  In determining whether a restraint is an

23  "atypical and significant hardship," courts consider whether the challenged condition mirrored the

24  conditions imposed on inmates in administrative segregation and protective custody, the duration of

25  the condition, the degree of restraint imposed, and whether the discipline will invariably affect the

26  duration of the prisoner's sentence.  *See Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003);

27  *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003).

28

The process due in a prison disciplinary proceeding that results in the deprivation of a protected liberty interest includes written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974). The Due Process Clause only requires that prisoners be afforded those procedures mandated by *Wolff* and its progeny; it does not require that a prison comply with its own, more generous procedures. *See Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994), *overruled on other grounds by Sandin*, 515 U.S. at 483-84. The findings of the prison disciplinary decision-maker must be supported by "some evidence" in the record to comport with due process. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (some evidence must support decision that results in revocation of good time credits). There also must be some indicia of reliability of the information that forms the basis for prison disciplinary actions. *Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987).

Due to Mr. Shankar's failure to identify the discipline, if any, that was imposed on him, the Court cannot determine whether a claim for a due process violation has been stated. Under *Sandin*, a prisoner has a right to due process only if the disciplinary decision will inevitably affect the duration of the prisoner's confinement, or imposes on him an atypical and significant hardship. For example, if the discipline consisted of only a loss of privileges for a week, that discipline would be too slight to amount to the deprivation of a liberty interest of real substance, and the inmate would not have a federally-protected right to due process in connection with the disciplinary proceeding. Mr. Shankar must file an amended complaint in which he describes all the discipline that was imposed upon the finding of guilt of the disciplinary offense. He should submit with his amended complaint a copy of the page(s) on which the hearing officer stated the disciplinary decision and the resulting punishment.

The complaint also is deficient in that it does not link any named defendant to the claim. In his amended complaint, Mr. Shankar must allege facts showing the basis for liability for each defendant. He should not refer to them as a group (*e.g.*, "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each

involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). He has named the warden, the CDCR and the prison as defendants, all apparently on the theory that they are liable because employ the alleged wrongdoers. However, there is no respondeat superior liability under § 1983, *i.e.* no liability under the theory that one is liable simply because he employs a person who has violated plaintiff's rights. *See Monell v. Dep't of Social Servs.,*436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

## IV.   CONCLUSION

The amended complaint fails to state a claim upon which relief may be granted against any defendant. Leave to amend will be granted so that Mr. Shankar may attempt to state a claim. The amended complaint must be filed no later than **May 31, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Shankar is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of the action for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: May 9, 2013

_____
EDWARD M. CHEN
United States District Judge