UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDRA ALVIN SHANKAR, | No. C-13-1017 EMC (pr) |
|     Plaintiff, | |
|     v. | **ORDER OF DISMISSAL** |
| R. GROUNDS, Warden; *et al.*, | |
|     Defendants. | |

## I. INTRODUCTION

Chandra Alvin Shankar filed this *pro se* civil rights action under 42 U.S.C. § 1983, complaining that his constitutional rights were violated in connection with prison disciplinary proceedings. The Court reviewed the civil rights complaint pursuant to 28 U.S.C. § 1915A and dismissed it with leave to amend. In the order of dismissal with leave to amend, the Court explained that, "[d]ue to Mr. Shankar's failure to identify the discipline, if any, that was imposed on him, the Court cannot determine whether a claim for a due process violation has been stated." Docket # 6 at 3. The Court also explained that he needed to link defendants to his claim. Mr. Shankar then filed an amended complaint, which is now before the Court for review pursuant to 28 U.S.C. § 1915A.

## II. BACKGROUND

In his amended complaint, Mr. Shankar alleges that his constitutional rights were violated in connection with the prison disciplinary proceedings for a rule violation report charging him with possession of a controlled substance for distribution. He alleges that, after he was found guilty at a disciplinary hearing, the following punishment was imposed on him: 180 days loss of good time

1  credits, a nine-month term in the segregated housing unit, one year of random drug testing, one year
2  of substance abuse addition classes, one year loss of visiting privileges, and non-contact visits for
3  two years.  *See* Docket # 7 at 2.  In his amended complaint, he alleges that he was denied his right to
4  call a witness without explanation, denied his right to an effective investigative employee, denied a
5  staff assistant, and denied his right to appeal the disciplinary findings.  He requests that the Court
6  vacate the finding of guilt, order a new hearing, and award money damages.  *See* Docket # 1 at 3, 11;
7  Docket #7 at 3.

### III.   DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court's order of dismissal with leave to amend required Mr. Shankar to identify the discipline imposed so that it could be determined whether a due process claim was stated.  In his amended complaint, he described the discipline as including a time credit forfeiture.  Although the discipline he identified makes it clear that he could state a due process claim, that same information shows another problem with this case.  Specifically, it is now clear that his civil rights action is, at best, premature.  The fact that the discipline imposed included the forfeiture of time credits makes a critical difference for Mr. Shankar because a successful challenge to the disciplinary decision would,

2

by restoring those forfeited time credits, entitle him to a speedier release from imprisonment. As explained below, the *Heck* rule bars Mr. Shankar's action for damages at this time, and the only way he may challenge the disciplinary decision in federal court is in a petition for writ of habeas corpus.

The case of *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or sentence unless that conviction or sentence already has been determined to be wrongful. *See id.* at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or sentence -- would imply that the conviction or sentence is invalid.

*Heck* bars a claim of unconstitutional deprivation of time credits because such a claim necessarily calls into question the lawfulness of the plaintiff's continuing confinement, i.e., it implicates the duration of the plaintiff's sentence. *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996); *cf. Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003) (where a claim would, if successful, "necessarily accelerate" the prisoner's release on parole, *Heck* applies). *Heck* also bars a claim for using the wrong *Wolff v. McDonnell*, 418 U.S. 539 (1974), procedures in a disciplinary hearing that resulted in the deprivation of time credits if "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment." *Edwards v. Balisok*, 520 U.S. 641, 645 (1997). The practical importance of this rule is that a prisoner cannot attack the disciplinary decision that affects the duration of his confinement *in* a civil rights action for damages; it must have been successfully attacked *before* the civil rights action for damages is filed. Here, the request for damages for the allegedly wrongful disciplinary decision would, if successful, imply the invalidity of the discipline imposed. The claim for damages must be dismissed.[1] If Plaintiff wishes

---

[1] Plaintiff's claim that some prison officials should be liable for failing to properly process his inmate appeals is not actionable here. Regardless of whether *Heck* bars the claims against persons who deprived him of his due process rights in connection with the disciplinary proceeding, Plaintiff has no claim against prison officials who did no more than fail to grant his inmate appeals concerning the matter. *See Ramirez*, 334 F.3d at 860 (prisoner's claimed loss of a liberty interest in the processing of

3

to challenge the disciplinary decision that resulted in the credit forfeiture, he must do so in a petition for writ of habeas corpus, but not until he has first exhausted his state judicial remedies.

Mr. Shankar's request for the Court to order that the disciplinary decision that affects the duration of his confinement be vacated cannot be considered in this § 1983 civil rights action. A petition for writ of habeas corpus is the exclusive method by which he may challenge the duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). If Mr. Shankar wishes to attempt to have the disciplinary decision that resulted in the credit forfeiture set aside, he must do so in a petition for writ of habeas corpus, but not until he has first exhausted his state judicial remedies.

## IV. CONCLUSION

For the foregoing reasons, this action is **DISMISSED**. This dismissal is without prejudice to Mr. Shankar filing a habeas petition challenging the disciplinary decision and without prejudice to him filing a civil action for damages if the disciplinary decision is ever set aside.

The Clerk shall close the file.

IT IS SO ORDERED.

Dated: October 9, 2013

_____
EDWARD M. CHEN
United States District Judge

---

his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).